# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS STEVEN BUE,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT W. FOX,<br><br>    Respondent. | Case No.   CV 17-0199- ODW (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed: (1) the Petition; (2) the Magistrate Judge's Report and Recommendation ("R&R"); (3) Petitioner's "Application for Equitable Tolling and Request for Lodging of Medical Records," [Dkt. No. 5], which the Court construes as objections to the R&R ("Objections")[1]; and (4) the remaining record, and has made a *de novo* determination.

---

[1] Petitioner's request for lodging of medical records, (Objections at 3), is **DENIED**, as his allegations fail to show that he is entitled to nearly two decades of equitable tolling under *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). (*See* R&R at 4-5; *see generally* Objections); *cf. Dunsmore v. Paramo*, 2014 WL 321068, at *1 n.1 (S.D. Cal. Jan. 29, 2014) ("'A judge may, for good cause, authorize a party to conduct discovery . . . .' A habeas petitioner demonstrates 'good cause' . . . when he or she states specific allegations that, if the facts are fully developed, would establish that he is entitled to relief." (internal citations omitted)).

1

Petitioner's Objections generally reiterate arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief discussion here.

Petitioner claims that he is entitled to equitable tolling because his "mental illness is beyond his control and rendered him unable to pursue his legal rights during the relevant time period." (Objections at 1.) He further states that because of his depression and anxiety attacks, he "could not stay on task and did not have an inclination to be able to appreciate his legal rights and act[] upon them." (Objections at 3.) However, such general and conclusory descriptions of mental illness are insufficient to toll the limitations period for nearly two decades. (*See* R&R at 3, 4-5); *see also Taylor v. Knowles*, 2009 WL 688615, at *5 (E.D. Cal. Mar. 13, 2009) ("There is no question that petitioner suffers from serious symptoms, such as . . . severe depression and anxiety. . . . But there is no explanation of how [petitioner's] symptoms relate to the delay in this action."); *Stanfield v. Allison*, 2011 WL 1253893, at *3 (E.D.Cal. Mar.31, 2011) (finding that "vague and conclusory" allegations regarding the petitioner's asserted mental limitations were insufficient to warrant equitable tolling). As such, the Petition remains untimely.

//

//

//

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: February 2, 2017

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE